UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-105-CVE |
| ) | |
| GERALD DUANE CUNNINGHAM, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defense counsel's Motion to Continue All Scheduling Deadlines (Dkt. # 17). Defense counsel requests a continuance of the jury trial set for July 21, 2008 at 9:30 a.m. Defendant is currently a fugitive from justice and a warrant has been issued for his arrest. He failed to appear at hearings on July 7 and July 8, 2008 and defense counsel has been unable to communicate with him. In addition, defense counsel will be attending a training seminar from July 13 to July 26, 2008 and will not be in Oklahoma during that time. The government does not oppose defense counsel's request for a continuance.

Defense counsel's request for a continuance falls under § 3161(h)(8)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary

for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(8)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

Given defendant's fugitive status and his counsel's participation in a training seminar, the Court finds that an ends of justice continuance is appropriate under the circumstances. Defense counsel will be unable to prepare for trial due to defendant's absence during this critical period of time leading up to trial. Defendant has essentially waived his right to a speedy trial by violating his conditions of pretrial release and refusing to appear for court hearings, and this is a separate basis to exclude time from his speedy trial calculation. 18 U.S.C. § 3161(h)(3); United States v. Mayes, 917 F.2d 457, 460 (10th Cir. 1990) (speedy trial clock is tolled under § 3161(h)(3) while the defendant is a fugitive). Under these unique circumstances, an ends of justice continuance is appropriate in addition to any time that may be excluded under § 3161(h)(3). In addition to the interests of the defense counsel and defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defense counsel's Motion to Continue All Scheduling Deadlines (Dkt. # 17) is **granted**. The jury trial set for July 21, 2008 at 9:30 a.m. is **stricken**, and jury trial is reset for August 18, 2008 at 9:30 a.m. Voir dire, jury instructions, and trial briefs are due on August 11, 2008.

**IT IS FURTHER ORDERED** that the time between July 21, 2008 and August 18, 2008 is excludable pursuant to 18 U.S.C. § 3161(h)(8).

**DATED** this 15th day of July, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT